LEMMON, Judge
(concurs specially and assigns additional reasons).
The 1964 amendment to C.C.P. art. 2088 properly answers the question presented in this case. Any issue raised by facts occurring after the appealed judgment is not reviewable on that appeal because the determinative facts do not appear in the record. Such an issue must be raised by application to the trial court, which has original fact-finding jurisdiction. Once the issue is decided by the court of original jurisdiction, this court can review that decision under our appellate jurisdiction, perhaps by consolidation with the original appeal, or under our supervisory jurisdiction, if justification is shown in an application for supervisory writs.
Furthermore, the implications of this decision go far beyond the present case. This court is frequently presented with motions to dismiss an appeal on grounds of irregularity, error or defect imputable to the appellant (C.C.P. art. 2161), usually failure to pay costs timely (C.C.P. art. 2126). Since the facts relative to the grounds for dismissal do not appear in the record, the mover often attaches an affidavit to establish these facts. When the motion and supporting affidavit are not opposed, the appeal is normally dismissed. However, when the motion is opposed and the affidavit contradicted, the appellate court finds itself called upon to originally decide an issue of fact. When this situation occurs, this court will often remand the ease for presentation of evidence. Under the interpretation of C.C.P. art. 2088 in the present case, such motion should be originally filed in the trial court and decided by that court.
Other recurring troublesome situations are also remedied. For example, when an appellant fails to pay costs before the return day and the record on appeal is never lodged in this court, an appellee faces a dilemma in obtaining a dismissal by this court. Some appellees have even paid the appellant’s costs in order to have the record lodged and obtain a dismissal. Under the codal interpretation in this case, the appel-lee can move for dismissal in the trial court (where the record is located), since the trial court retains, jurisdiction over the matter which is not reviewable under the original appeal.
In my opinion the present decision eliminates many of the hairy areas in matters occurring after perfection of the appeal and makes appellate practice safer, simpler and more practical.
GULOTTA, J., dissents for the reasons assigned by STOULIG, J.